

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2009

# USA v. Teresa Flood

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Teresa Flood" (2009). *2009 Decisions.* Paper 1396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2937
_____

UNITED STATES OF AMERICA

v.

TERESA M. FLOOD,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-06-cr-00125-001)
District Judge: Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and FISHER, *Circuit Judges*.

(Filed:May 6, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Teresa Flood appeals her conviction of one count of bank fraud in violation of 18

U.S.C. §§ 2 and 1344, two counts of aggravated identity theft in violation of 18 U.S.C.

§§ 2 and 1028A, and two counts of wire fraud in violation of 18 U.S.C. §§ 2 and 1343,

arguing that the District Court erred in charging the jury with a "deliberate ignorance" instruction. Because we reject Flood's argument that the District Court improperly instructed the jury, we will affirm her conviction.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Flood's convictions arose out of several schemes in which she participated with Glenny Coleman III, her former boyfriend and the father of her child. The superseding five-count indictment charged her with one count of bank fraud in violation of 18 U.S.C. §§ 2 and 1344, two counts of aggravated identity theft in violation of 18 U.S.C. §§ 2 and 1028A, and two counts of wire fraud in violation of 18 U.S.C. §§ 2 and 1343. Coleman was charged in a fifteen-count indictment with crimes similar to Flood's. Coleman pled guilty to five counts, and the District Court sentenced him to 129 months' imprisonment, but Flood proceeded to trial to challenge the sufficiency of the evidence against her.

At trial, Flood called Coleman, who testified that he had "duped" her and that he was the "con man." At the end of the trial, the District Court instructed the jury on the charges against Flood and the elements necessary to prove those crimes. It also charged the jury with the following "deliberate ignorance" instruction, over Flood's objection:

> "The government may prove that the defendant acted 'knowingly' by proving, beyond a reasonable doubt, that the defendant deliberately closed

2

her eyes to what would otherwise have been obvious to her.  No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  Therefore, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

"It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

"You may not conclude that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition."

The jury returned a guilty verdict on each of the five counts, finding that Flood committed one count of wire fraud by submitting fraudulent information as part of an application for the purchase of a car, on which a car dealership relied in approving a loan; that Flood aided and abetted Coleman in one count each of bank fraud and aggravated identity theft as part of his plan to obtain a $15,000 loan from Wells Fargo Bank; and that Flood aided and abetted Coleman in one count each of bank fraud and aggravated identity theft by participating in Coleman's scheme to fraudulently obtain a mortgage loan, from which Coleman correspondingly purchased a residential property, through the submission of false identity and employment information in the application.

Following her conviction, Flood moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 and for a new trial under Federal Rule of Criminal Procedure 33.  She argued that the "deliberate ignorance" instruction confused the jury and neutralized earlier instructions defining "knowingly," "willfully," and "culpable

3

participant." The District Court rejected Flood's contention, calling the jury instruction "appropriate" based on the evidence, and denied both of her post-trial motions. At Flood's June 9, 2008 sentencing hearing, the District Court sentenced her to 36 months' imprisonment, five years of supervised release, and a $500 special assessment. Flood filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We review the district court's "refusal to give a particular instruction or the wording of instructions for abuse of discretion," *United States v. Khorozian*, 333 F.3d 498, 508 (3d Cir. 2003), but once an instruction has been given and "the question is whether the jury instructions stated the proper legal standard, our review is plenary." *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995). Because Flood "challenges only the District Court's decision to give the instruction – not the articulation of the legal standard contained in the instruction – we review for abuse of discretion." *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 439 (3d Cir. 2009). In our review, "we consider the totality of the instructions and not a particular sentence or paragraph in isolation." *Khorozian*, 333 F.3d at 508 (internal quotation marks omitted) (quoting *Coyle*, 63 F.3d at 1245).

## III.

Flood contends on appeal that the District Court abused its discretion by giving the "deliberate ignorance" instruction, asserting that it confused the jury based on the District Court's other instructions that defined "knowingly," "willfully," and "culpable participant." At trial, Flood sought to distance herself from Coleman, and argued to the jury that she was not a "culpable participant" in his crimes because she lacked knowledge of the schemes and did not willfully intend that the schemes' larger objectives be achieved.

On review, after an instruction has been given, "we generally ask ourselves whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury, and reverse 'only if the instruction was capable of confusing and thereby misleading the jury.'" *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir. 1987) (quoting *Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 922 (3d Cir. 1986)). We see no error in the District Court's decision to give this instruction. Liability for aiding and abetting, four of the five crimes with which Flood was charged, requires "the specific intent of facilitating the crime," *United States v. Garth*, 188 F.3d 99, 113 (3d Cir. 1999), and we have held that a finding of "willful blindness" or "deliberate ignorance" satisfies the intent prong for such a crime, *see*, *e.g.*, *United States v. Leahy*, 445 F.3d 634, 652-54 (3d Cir. 2006). Thus, the District Court acted properly in instructing the jury regarding the definitions of adequate mental states.

5

Turning to the "deliberate ignorance" instruction at issue, such an instruction "allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him." *Khorozian*, 333 F.3d at 508 (internal quotation marks omitted) (quoting *United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991)). We have upheld such an instruction "where the charge made clear that the defendant himself was subjectively aware of the high probability of the fact in question, and not merely that a reasonable man would have been aware of the probability," and where "[t]he jury could have found that [the defendant] deliberately closed his eyes to what otherwise would have been obvious to him." *Id.* (internal quotation marks omitted) (quoting *United States v. Stewart*, 185 F.3d 112, 126 (3d Cir. 1999)).

The evidence at Flood's trial supported the inference that she may have been deliberately ignorant as to Coleman's crimes. Despite Coleman's testimony at Flood's trial that he "duped" her, the evidence reflected her assistance in several of his schemes. Further, Flood presented the defense at trial that she lacked the requisite knowledge to be found guilty of Coleman's schemes, which also supports the District Court charging the jury on "deliberate ignorance." Examining the jury instructions as a whole, we are content that they "fairly and adequately submit[ted] the issues in the case to the jury" in presenting the law accurately and in light of the evidence at trial, and that, therefore, they did not confuse or mislead the jury. *Bennis*, 823 F.2d at 727. Thus, we cannot say the

6

District Court abused its discretion in including the "deliberate ignorance" instruction and charging the jury as it did.[1]

IV.

For the foregoing reasons, we will affirm Flood's conviction.

---

[1]To the extent that Flood claims that the evidence upon which the jury convicted her was insufficient, we disagree. Based on the evidence presented at trial, the elements of the crimes with which Flood was charged, and our determination that the "deliberate ignorance" jury instruction was proper, the jury had sufficient evidence before it, on which it could, and did, find Flood guilty of the crimes charged.